LEVY v. TIGER.

(Supreme Court, Appellate Term. November 10. 1904.)

1. EVIDENCE—EXPERTS—OPINION—LANDLORD AND TENANT—BREACH OF COVENANT.

In an action by a tenant against a landlord for breach of a covenant permitting the lessee to enter on the lessor's adjoining premises whenever necessary for the purpose of shoring the leased premises which were being rebuilt, it was error to refuse to permit a witness for defendant, who had qualified as an expert architect, to testify that it was unnecessary to do any shoring from defendant's premises, and that shoring already done was sufficient.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Abraham Levy against Max Tiger. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ..

House, Grosman & Vorhaus, for appellant.
Isidore M. Levy, for respondent.

FREEDMAN, P. J. This action is brought to recover damages for a breach of covenant contained in a lease between the parties by which the defendant agreed to permit the plaintiff to enter his premises, No. 160 Orchard street, whenever necessary for the purpose of shoring the adjoining premises which were being rebuilt. The answer is a general denial. Upon the trial the agreement was received in evidence which contained a provision regarding the right to enter such premises "in so far as the same may be necessary for the purpose of alteration, construction or repairing of the building No. 158 Orchard street, or the walls thereof," but which provides that "there shall be no substantial interference with his [the lessor's] being able to sell his wares and merchandise in said

place, and bake bread and other wares in the oven as the same now exists."

Upon the trial the defendant called a witness, who qualified as an expert architect, and put questions to him tending to show that it was unnecessary to do any shoring from the building No. 160 in order to sustain and do the work upon the building No. 158, and also that two shores that had already been placed to sustain the building No. 158, several months before plaintiff sought permission to enter upon No. 160, were amply sufficient to sustain such building. This testimony was objected to by plaintiff's counsel and sustained by the court. This testimony was material and relevant, and tended to prove that the entry upon defendant's premises by the plaintiff was unnecessary and useless, and in violation of the terms of the agreement between the parties relative thereto. For this error the judgment must be reversed. It is therefore unnecessary to pass upon the other points raised by the appellant.

Judgment reversed. New trial ordered, with costs to the appellant to abide the event. All concur.